UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BART CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00106-TWP-KMB |
| ) | |
| NEGANGARD Judge, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING POST-JUDGMENT MOTIONS**

This matter is before the Court on post-judgment Motions to Dismiss or Terminate Guardianship (Dkts. 38, 41), Motion for Hearing (Dkt. 39), Motion Waiting on Order from Judge (Dkt. 42), and Motion for Transcript (Dkt. 44), filed by Plaintiff Bart Clark ("Clark"). Clark initiated this action by filing a "Motion Request for United States 7th District," which was construed as a Complaint. The Complaint states: "Bart Clark wants to ask the 7th District court to file on case 1592CCS to see if they can dismiss the guardianship case that has been going on for 50 years." (Dkt. 1). On August 13, 2025, the Court entered an Order pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing this action without prejudice for lack of jurisdiction, and final judgment was entered that same day (Dkts. 34, 35). Within 28 days of entry of judgment, Clark filed several post-judgment motions, some of which appear to be requests for relief from judgment under Rule 59. For the reasons explained below, the post-judgment motions are **denied**.

**I.      LEGAL STANDARDS**

A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d

1

741, 742 (7th Cir. 2009). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 07-cv-1630, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.   DISCUSSION

Clark brings this action against Judge Aaron Negangard, the judge presiding over Clark's adult guardianship case that is pending in the Dearborn County Circuit Court. In the Entry of June 26, 2025, the Court screened Clark's Complaint and explained that it was subject to dismissal for lack of jurisdiction for failure to state a claim upon which relief may be granted (Dkt. 10). Specifically, the Court explained that the Complaint does not sufficiently allege a plausible claim upon which relief can be granted, and even if the Complaint had more information, this Court must abstain from intervening in the pending state court guardianship action. *Id.* The Court gave Clark an opportunity to amend his Complaint by no later than July 25, 2025. *Id.* at 5. The deadline to respond passed, and Clark did not file an amended complaint or other response that cured the

jurisdictional deficiencies of his initial Complaint. Instead, Clark filed several motions to have his guardianship terminated (Dkts. 13, 14, 16, 18, 19, 20, 22, 31), a Motion to get Order from Circuit Court to get Driver Permit Back (Dkt. 24), several copies of Notices that he had received from the Dearborn County Circuit Court (Dkts. 25, 26, 27, 32, 33), and a certified copy of Clark's driving record (Dkt. 29). The Court denied all the frivolous motions and entered an Order that this action is dismissed without prejudice for lack of jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B) (Dkt. 34). Final Judgment was entered on August 13, 2025 (Dkt. 35).

Clark's timely post-judgment Motions to Dismiss or Terminate Guardianship (Dkts. 38, 41) will be treated as Rule 59 motions to alter or amend the judgment. Neither motion draws to the District Court's attention any manifest error of law or fact, or newly discovered evidence. In the first motion, Clark states, "I need to see if Tonya [sic] Pratt can file appearance on the case 1592CCS in the Dearborn County Circuit Court" (Dkt. 38). In the second motion, he states falsely that,

> Bart Clark is paying $850 attorney Tanya Walton Pratt, who will be court appointed, Case 4:25-cv-00106-TWP-KMB, from the state of Indiana to represent Bart Clark in this matter, and the state of Indiana to pay to remaining $9000.00. Please revise this letter should not be denied.

(Dkt. 41).

The Court feels empathy for Clark as he desires to have his adult guardianship terminated, and he requests that the undersigned assist him. However, his filings are nonsensical and therefore frivolous. An action is "'frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)). A frivolous "suit does not invoke the jurisdiction of a federal court; if it is clear beyond any reasonable doubt that a case doesn't belong in federal court." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015) (internal quotation omitted). For the reasons explained in

3

the Court's previous Orders (Dkts. 10, 34), Clark has failed to state any viable claims, and his case does not belong in federal court. This Court lacks subject-matter jurisdiction to hear Clark's claim, this Court cannot dismiss or terminate his state court guardianship, and the undersigned cannot personally assist him.

In his Motion for Hearing, Clark asks this Court to file an "electronical court order to the Circuit Court" and have them make a hearing on his case (Dkt. 39). This motion is **denied** because this case is closed, and this Court has no jurisdiction to hold a hearing on his state court guardianship matter.

Clark's Motion Waiting on Order from Judge (Dkt. 42) is **denied**. Clark states that the "Circuit Court is waiting on Tanya" to file the order to have his state guardianship case moved to federal court. *Id.* This motion is **denied** because the federal court has no jurisdiction to hear Clark's claim, and his guardianship matter cannot be transferred to this court.

Clarks Motion for Transcript (Dkt. 44) is **denied** because no hearings were held in this action and there is nothing to transcribe.

### III.   CONCLUSION

For the reasons stated above, the Court determines that it did not commit a manifest error of law or fact in its orders dismissing this action, and there is no newly submitted evidence that justifies an amendment or alteration to the Court's previous Orders. Therefore, Clark's Rule 59(e) post-judgment Motions to Dismiss or Terminate Guardianship, Dkts. [38] and Dkt. [41] are **DENIED**. In addition, Clark's Motion for a Hearing, Dkt. [39], Motion Waiting on Order from Judge, Dkt. [42], and Motion for Transcript, Dkt. [44], are **DENIED**.

Having ruled on the post-judgment motions, the August 13, 2025 Order is a final decision.

**IT IS SO ORDERED.**

Date: 9/3/2025

*[Signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BART CLARK
500 George St.
Lawrenceburg, IN 47025